O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| TOYA L. RUSSELL, | ) | Case No. CV 11-08413-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Toya Russell seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance benefits ("DIB") and for Supplemental Security Income ("SSI") benefits. For the reasons discussed below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

**I.   Facts and Procedural Background**

Plaintiff was born on July 23, 1960. (Administrative Record ("AR") at 160.) She completed two years of college and has work experience as a secretary, data entry clerk and receptionist. (AR at 17, 187, 190.) Plaintiff filed her application for DIB on June

1

8, 2009, and for SSI benefits on June 10, 2009, alleging disability beginning March 27, 2008, due to shoulder and arm pain, asthma and degenerative disc disease. (AR at 130-133, 134-136.) Her application was denied initially on September 14, 2009. (AR at 76-80.) Administrative Law Judge ("ALJ") Robert Eisman held an administrative hearing on November 10, 2010. Plaintiff, represented by an attorney, testified as did a vocational expert ("VE") and a medical expert. (AR at 26-69.)

ALJ Eisman issued an unfavorable decision on December 9, 2010. (AR at 7-24.) The ALJ found that Plaintiff suffered from the following severe impairments: obesity, asthma, cervical spine degenerative disease, and history of bilateral upper extremity shoulder sprain/strain. (AR at 13.) However, these severe impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) as follows: "[S]he can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects. The claimant can stand and walk up to 6 hours and sit up to 6 hour in an 8-hour workday with normal breaks. Due to her obesity, she can perform work that does not require climbing ladders, ropes or scaffolds, and no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling. The claimant is right-hand dominant and can frequently lift and reach overhead with her left upper extremity. She can frequently operate foot controls with her right and/or left lower extremities. The claimant can perform

work that does not require concentrated exposure to extreme cold, extreme heat, hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions, and that does not require any exposure to environmental irritants or poorly ventilated areas (i.e., asthma precautions)." (AR at 14.)

The ALJ found that Plaintiff could perform her past relevant work as a data entry clerk, secretary and receptionist. (AR at 17.) Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR at 19.)

The Appeals Council denied review on August 25, 2011 (AR at 1-3), and Plaintiff commenced this action for judicial review. On May 1, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the ALJ did not properly consider the evidence of a mental impairment; (2) the ALJ failed to properly consider the opinion of the treating physician; and (3) the ALJ erred in evaluating Plaintiff's credibility and subjective testimony. (Joint Stip. at 4.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 31-32.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 33.)

**II.   Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir.

1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

    **A.   The ALJ Properly Considered the Evidence Regarding Plaintiff's Alleged Mental Impairment**

Plaintiff contends that the ALJ improperly relied on the opinion of the consultative examining psychiatrist, Dr. Minh-Khoi Duong, M.D. and disregarded the report of the reviewing State Agency physician, Dr. C. Dudley, M.D., who posited greater limitations in various mental functions than did Dr. Duong. (Joint Stip. at 4). Dr. Duong diagnosed Plaintiff with major depressive disorder and a global assessment of functioning ("GAF") score of 75. (AR at 13, 247.) Dr. Duong determined that Plaintiff could carry out both simple and complex instructions, relate to others, cope with workplace stress, and deal with changes in a routine work

setting. (Id.) Dr. Dudley, on the other hand, opined that Plaintiff had moderate difficulties in maintaining concentration, persistence or pace and that Plaintiff could only perform work involving simple, repetitive tasks, given that she had a limited ability to maintain concentration. (AR at 257, 259.)

The ALJ properly analyzed the entire medical record and relied on the consultative psychiatrist's opinion in concluding that Plaintiff was not disabled. (AR at 14, 16.) Because there were no mental health records from a treating physician, the ALJ properly gave "great weight" to Dr. Duong's opinion that Plaintiff had no difficulty carrying out simple or complex instructions. (AR at 16.) The ALJ also appropriately relied on Dr. Duong's opinion because it was the most consistent with the medical record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give the opinion.") As noted by the ALJ, Plaintiff had no history of psychiatric hospitalizations, was not seeing a psychiatrist, was able to do relatively well on the psychiatric interview, was taking online courses in English and health, had a GAF score of 75, and had testified that the Zoloft she takes controls her depression. (AR at 13-14, citing AR at 43.)

The ALJ also correctly noted that the reviewing physician's opinion was inconsistent with the rest of the medical record (AR at 16), which constitutes a specific and legitimate reason to reject the opinion. *See Thomas*, 278 F.3d 948, 957-58 (9th Cir. 2002). (AR at 16.) It is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine the credibility of medical sources. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.

1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989). Therefore, the ALJ properly relied on the report of the consultative examiner.

**B.   The ALJ Accorded Appropriate Weight to the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Mark Schneider, D.O. (Joint Stip at 12.) On September 13, 2010, Dr. Schneider completed a Residual Functional Capacity Questionnaire, which concluded that Plaintiff had the following limitations: she could sit only up to one hour per day; she could stand for only 15 minutes at a time; she would be able to use her hands to grasp, do fine manipulation and reach only 10-15% of a workday; and she would likely not be able to work more than four hours per day. (AR at 279-286.)

An ALJ should generally accord greater probative weight to a treating physician's opinion than to opinions from non-treating sources. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, the ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957; *accord Tonapetyan*, 242 F.3d at 1149. The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of

examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Orn*, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ provided several legitimate reasons for refusing to give Dr. Schneider's opinion controlling weight, each of which was supported by substantial evidence in the record. First, the ALJ found that the September 13, 2010 Residual Functional Capacity Questionnaire was not fully reliable because it was conclusory and because there were no treatment records or diagnostic findings to support the extreme functional limitations found by Dr. Schneider. (AR at 16.) The ALJ noted that the medical record and Dr. Schneider's own treatment records contradicted his finding of extreme limitations:

> For example, Dr. Schneider noted in February 2010 that Tylenol helped the claimant's neck pain, and that she needed to stretch and use ergonomic equipment, which is not indicative of an impairment that would result in the severe limitations reflected in his opinion. Moreover, he notes paresthesia and numbness in the claimant's hands, but there are no EMG or NCV studies to confirm the existence of a physiologic cause of the symptoms. Furthermore, a vague notation of decreased grip strength left greater than right is insufficient for a finding of severe hand limitations. Additionally, there is no objective medical evidence that the claimant has markedly limiting neck or shoulder function, since the only diagnostic tests in the record reveal mild degenerative

7

cervical spine changes.

(AR at 16-17.) An ALJ may discredit a treating physician's opinion if it is conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Tonapetyan*, 242 F.3d at 1149.

In addition, Dr. Schneider's findings of marked limitations in Plaintiff's ability to perform work-related activities was inconsistent with the findings of the reviewing State Agency physician, Dr. K. Beig, M.D. (AR at 16, citing AR at 237-241.) Contrary to Dr. Schneider's opinion that Plaintiff was extremely limited in her ability to perform a range of work-related functions, Dr. Beig found that Plaintiff was capable of a full range of light work. The ALJ was entitled to rely on the reviewing physician's findings, particularly when they were consistent with the evidence as a whole, unlike those of Dr. Schneider. The findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings. *Andrews,* 53 F.3d at 1041; *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989).

The ALJ also noted that he was giving less weight to the September 13, 2010 report because, although it was signed by Dr. Schneider, it was apparently filled out by a non-physician assistant. (AR at 17.) An ALJ may accord opinions from other sources less weight than opinions from acceptable medical sources. *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996); *see also* 20 C.F.R. § 416.927(a)(2). Here, it is unclear whether the September 13, 2010 report is from an "acceptable medical source." (AR at 285.) However, even assuming that it is, the ALJ provided proper

reasons for failing to give controlling weight to Dr. Schneider's opinion, as discussed above, and any error was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (harmless error rule applies to review of administrative decisions regarding disability); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### C. The ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discounting her subjective symptom testimony. (Joint Stip. at 21.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§

404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she has neck pain which is aggravated by sitting, walking and using her hands and shoulders; she has pain in her knee; she can stand for about 15 minutes and can finger for only five to ten minutes twice a day; she spends most of her day lying down; and she suffers from carpal tunnel syndrome and asthma. (AR at 36-42, 46, 52-53.)

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

10

1    The ALJ found that Plaintiff's medical impairments could
2 reasonably be expected to cause the alleged symptoms. (AR at 17.)
3 The ALJ was therefore required to provide specific, clear and
4 convincing reasons for rejecting Plaintiff's subjective
5 allegations of pain and functional limitations.

6    The ALJ provided various reasons for discrediting Plaintiff's
7 testimony, each of which is fully supported by the record. First,
8 the ALJ noted that Plaintiff's allegation that she could only use
9 her fingers for five to ten minutes at a time without pain was
10 inconsistent with other statements she made regarding her computer
11 use, such as using her computer to read emails and check Facebook
12 and also that she was taking online college courses in English and
13 health. (AR at 17, citing AR at 48-49, 52, 57, 245.) This
14 inconsistency was appropriately considered in determining
15 credibility. *See Thomas*, 278 F.3d at 958-59 (inconsistency between
16 the claimant's testimony and conduct supported rejection of
17 claimant's credibility).

18    The ALJ also properly determined that Plaintiff's ability to
19 perform certain daily activities, such as cooking and baking,
20 doing housework, grocery shopping, driving, and using the computer
21 were at odds with her claims of debilitating pain. (AR at 17.)
22 While it is true that "one does not need to be 'utterly
23 incapacitated' in order to be disabled," *Vertigan v. Halter*, 260
24 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's
25 activity here supports the ALJ's finding that Plaintiff's reports
26 of her impairment were not fully credible. *See Bray v. Comm'r of*
27 *Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Curry v.*
28 *Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the

claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). In addition, the ALJ noted that the ability to do all of these daily activities was at odds with Plaintiff's testimony that she had to lie down 75% of the day because of pain and was essentially bedridden. (Id.)

The ALJ made specific findings articulating clear and convincing reasons for his rejection of Plaintiff's subjective testimony. *Smolen*, 80 F.3d at 1284. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. *Magallanes*, 881 F.2d at 750. A reviewing court may not second-guess the ALJ's credibility determination when it is supported by substantial evidence in the record, as here. *See Fair*, 885 F.2d at 604. It was reasonable for the ALJ to rely on the reasons stated above, each of which is fully supported by the record, in rejecting the credibility of Plaintiff's subjective complaints. In sum, the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of her symptoms as not being wholly credible.

//
//
//
//
//
//
//

**IV. Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

Dated: May 18, 2012

_____
Marc L. Goldman
United States Magistrate Judge